**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 14-2086 and 14-3694

_____

TREVOR RINGGOLD,
                              Appellant

v.

C.O. MATTHEW KELLER; C.O. WILLIAM ZOSKY; C.O. TIM MARI;
SGT. CLAYTON STONER; LT. JACOB WRIGHT; SUPERINTENDENT
FAYETTE SCI; JOHN AND/OR JANE DOES 1-9

_____

On Appeal from the District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-11-cv-00974)
District Judge: Honorable Lisa P. Lenihan

_____

Argued:  March 3, 2015

Before: AMBRO, SCIRICA, and ROTH, <u>Circuit Judges</u>

(Opinion Filed:  April 8, 2015)

Charity G. Krupa, Esq. (ARGUED)
Charity Grimm Krupa
P.O. Box 622
Smithfield, PA  15478

        *Counsel for Appellant*

Kemal A. Mericli, Esq. (ARGUED)
Office of Attorney General of Pennsylvania
564 Forbes Avenue
Manor Complex
Pittsburgh, PA  15219

*Counsel for Appellees*

———————————

OPINION[*]

———————————

**SCIRICA**, *Circuit Judge*.

Inmate Trevor Ringgold appeals the grant of summary judgment in favor of corrections officers he sued under 42 U.S.C. § 1983 for use of excessive force. The altercation in question began when Corrections Officer Matthew Keller allegedly called Ringgold out of the cafeteria line and assaulted him without provocation. (Keller later pled guilty to a state criminal assault charge and was fired.) In addition to suing Keller, Ringgold contends defendants Corrections Officers William Zosky and Tim Mari, as well as Sgt. Clayton Stoner, Lt. Jacob Wright, and Superintendent Brian Coleman, are liable for use of excessive force on theories of personal involvement or supervisory liability. All defendants save Keller moved for summary judgment, and the court relied on footage from the cafeteria's security camera to conclude that "[n]o rational trier of fact could . . . find that [Zosky, Mari, or Stoner] used excessive force under the circumstances." *Ringgold v. Keller*, 2014 WL 1317604, at *5 (W.D. Pa. Mar. 31, 2014). Nor, the court concluded, could supervisory liability attach to Stoner or Wright because Zosky and

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Mari, their subordinates, did not use excessive force. The court also concluded that Coleman was not liable. Ringgold appeals.[1]

We believe the court properly granted summary judgment as to Coleman. We can find no evidence from which a jury could infer that Keller's attack on Ringgold resulted from Coleman's failure to implement certain staffing or monitoring policies for the prison cafeteria, or any failure to discipline his officers. There is no reason to think that, had an additional corrections officer been on duty, Keller would not have assaulted Ringgold.

But we disagree with the court's conclusion "that no reasonable trier of fact could find that Mari and Zosky used excessive force against" Ringgold. *Id.* at *4. A factfinder evaluating an excessive force claim must examine "several factors" to determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Smith v. Mensinger*, 293 F.3d 641, 649 (3d Cir. 2002) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). These factors include

> (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of injury inflicted"; (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. Summary judgment was granted by the Magistrate Judge, to whose jurisdiction all parties consented pursuant to 28 U.S.C. § 636(c)(1). We have jurisdiction under 28 U.S.C. §§ 636(c)(3) and 1291 because the appeal ripened when Ringgold settled and withdrew his claims against Keller, and we therefore deny defendants' motion to quash. *See, e.g., DL Res., Inc. v. FirstEnergy Solutions Corp.*, 506 F.3d 209, 215-16 (3d Cir. 2007). "We review a district court's grant of summary judgment *de novo*, applying the same standard the district court applied." *Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 413 (3d Cir. 2011). Summary judgment is appropriate when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

known to them"; and (5) "any efforts made to temper the severity of a forceful response."

*Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). "Summary judgment in favor of a defendant is not appropriate if 'it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain,'" *id.* (quoting *Albers*, 475 U.S. at 322), and such "wantonness exists when a prison guard intends to harm an inmate," *id.* (citing *Sampley v. Ruettgers*, 704 F.2d 491, 495 (10th Cir. 1983)).

Defendants submit that the security footage conclusively shows they did not use excessive force. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). But we do not believe all parts of Ringgold's version of events are "blatantly contradicted" by the footage.

From the footage, we believe a jury could find Zosky and/or Mari used excessive force on Ringgold. The video appears to show Zosky looking towards Keller and Ringgold as Keller's attack begins, so it is possible he would have known Keller was the aggressor. The video then shows Zosky run behind Ringgold and pull him down, and then Mari tackle Ringgold to the ground. The footage next appears to show Mari's swinging his arm in what may have been a punch at Ringgold as Ringgold, Zosky, and Mari are piled together (with Keller pummeling Ringgold's head). Ringgold testified at his deposition that he felt multiple officers punching, kicking, and kneeing him, and the

4

video does not categorically rule out the possibility that Mari and/or Zosky were doing just that.[2] Accordingly, the extent of each officer's participation is a factual dispute to be resolved by the jury. *See Smith*, 293 F.3d at 650. We express no opinion on the merits.

But there is no dispute of material fact as to Stoner or Wright, and so we will affirm the court's grant of summary judgment in their favor. As the court recognized, when Stoner "enters the picture . . . he grabs and pulls away Defendant Keller in order to prevent him from continuing to punch" *Ringgold*, 2014 WL 1317604, at *4. Although the camera then pans to the ceiling, Ringgold has adduced no evidence that Stoner was involved in the altercation beyond pulling Keller away. Similarly, nothing in the video shows that Wright was involved. Nor has Ringgold adduced any evidence that either Stoner or Wright stood by while he was beaten or otherwise encouraged the use of excessive force, *cf., e.g., Smith*, 293 F.3d at 649-51; *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988), or that either had failed to adequately train his subordinates or "respond to a pattern of past occurrences of injuries like" Ringgold's, *Ringgold*, 2014 WL 1317604, at *6 (citing *Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001); *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989))—that is, any other basis, personal or supervisory, for liability for use of excessive force.

---

[2] We also note that the security camera pans upward for approximately 6 or 7 seconds during the altercation, only to refocus on the scuffle when Sergeant Stoner arrives on scene and the altercation has finished. The entire altercation appears to last approximately 28 seconds from when Keller throws down his radio and punches Ringgold (about 11 seconds after calling Ringgold out of line) to when the camera pans back down and refocuses on the parties.

Finally, we are aware of no accessory-after-the-fact theory of civil liability for use of excessive force, and Ringgold's counsel did not direct us to one. Nor has Ringgold identified any evidentiary basis for a conspiracy claim.

For the foregoing reasons, we will affirm in part and reverse in part the judgment of the court and remand for further proceedings.